FILED

UNITED STATES DISTRICT COURT
for the MIDDLE DISTRICT OF FLORIDA

2015 JUN -8 PM 3: 19

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

<u>Bryan Henning</u>
*Plaintiff*

Vs.

<u>Raymond Day, Alex Martus, Jeremy Felty, Beau McCune, Veronica Hughes, Sheila Duffield, Officer Don F. Potenziani, Westgate Cocoa Beach Pier LLC, Lori J. Stottler, Stottler LLC, City of Cocoa Beach, Criminalfaces.com, Frompo.com, Mugshots.com, Justmugshots.com Corp.</u>
*Defendants*

Civil Complaint No. 6:15-cv-927-ORL-40DAB

# COMPLAINT

Plaintiff, Mr. Bryan Henning, pro se, moves for judgment against defendants, Raymond Day, Alex Martus, Jeremy Felty, Beau McCune, Veronica Hughes, Sheila Duffield, Officer Don F. Potenziani, Westgate Cocoa Beach Pier LLC, Lori J. Stottler, Stottler LLC, City of Cocoa Beach, Criminalfaces.com, Frompo.com, Mugshots.com, on grounds and in the amount set forth below:

## PARTIES

1. Defendant One, Raymond Day is domiciled in the State of Florida at the address of 4075 Shuttle Ct.; Merritt Island, Florida 32953.

2. Defendant Two, Alex Martus is domiciled in the State of Florida at the address of 4759 Lonsdale Circle; Orlando, Florida 32817.

3. Defendant Three, Jeremy Felty is domiciled in the State of Florida at the address of 1481 N US Highway 1 Lot 46; Titusville, FL 32796.

4. Defendant Four, Beau McCune is domiciled in the State of Florida at the address of 3324 Holiday Avenue; Apopka, Florida 32703.

5. Defendant Five, Veronica Hughes is domiciled in the State of Florida at the address of 1110 Maikai Dr.; Merrit Island, Florida 32953.

6. Defendant Six, Sheila Duffield is domiciled in the State of Florida at the address of 405 Maunaloa Ct.; Merrit Island, Florida 32953.

7. Defendant Seven, Officer Don F. Potenzianni is a police officer with the City of Cocoa Beach Police Department at the employment address of 20 S. Orlando Ave, Cocoa Beach, FL 32931. His home address is not known at the time of filing but will be updated by amendment upon discovery or subpoena.

8. Defendant Eight, Westgate Cocoa Beach Pier, LLC is domiciled in the State of Florida at 5601 Windhover Drive; Orlando, Florida 32819 the address with the principal place of business at 401 Meade Ave; Cocoa Beach, FL 32931. Its registered agent is: Greenspoon Marder, P.A. 100 W. Cypress Creek Road, Suite 700; Fort Lauderdale, FL 33309.

9. Defendant Nine, Lori J. Stottler and or Stottler LLC. are domiciled in the state of Florida at 380 Meade Ave; Cocoa Beach, FL 32931 and with the registered agent address of 457 Blakey Blvd.; Cocoa Beach, FL 32931

10. Defendant Ten The City of Cocoa Beach is a municipality chartered by the State of Florida.

11. Defendant Eleven Mugshots.com is a website and or foreign business entity which has sufficient minimum contacts with the State of Florida to comport with federal and or state statutory long-arm jurisdiction because its website is interactive and accessible in the State of Florida and it committed a tortious act within the state. The websites ownership and control has been purposefully concealed by the owner but its owners identity, domicile and address will be updated by amendment upon discovery and or subpoena.

12. Defendant Twelve Criminalfaces.com com is a website and or foreign business entity which has sufficient minimum contacts with the State of Florida to comport with federal and or state statutory long-arm jurisdiction because its website is interactive and accessible in the State of Florida and it committed a tortious act within the state. The websites ownership and control has been purposefully concealed by the owner but its owners identity, domicile and address will be updated by amendment upon discovery and or subpoena.

13. Defendant Thirteen Frompo.com com is a website and or foreign business entity which has sufficient minimum contacts with the State of Florida to comport with federal and or state statutory long-arm jurisdiction because its website is interactive and accessible in the State of Florida and it committed a tortious act within the state. The websites ownership and control has been purposefully concealed by the owner but its owners identity, domicile and address will be updated by amendment upon discovery and or subpoena.

14. Defendant Fourteen Justmugshots.com Corp. is a foreign corporation domiciled in California with the principal place of business in California and has sufficient minimum contacts with the State of Florida to comport with federal and or state statutory long-arm jurisdiction because its website is interactive and accessible in the State of Florida and it committed a tortious act within the state. Its address is 340 South Lemon Ave #5701; Walnut, California 91789, and its registered agent for service of process is Virtual Post Solutions, Inc. 340 S Lemon Ave; Walnut, California 91789.

15. Plaintiff Bryan Henning is domiciled in the State of Arizona at the address of 2457 E. Desert Willow Dr.; Phoenix, AZ 85048.

**JURISDICTION**

16. The events giving rise to this complaint at all times material took place in the City of Cocoa Beach, Florida, at 401 Meade Ave, Cocoa Beach, FL 32931, which is located within the jurisdiction of the United States District Court for the Middle District of Florida.

17. There is complete diversity of citizenship between the plaintiff and all defendants; and the amount in controversy is in excess of $75,000.00. 28 U.S.C § 1332(diversity jurisdiction).

18. There is federal question jurisdiction under 42 U.S.C.S § 1983 civil action for deprivation of rights. 28 U.S.C § 1331(federal question jurisdiction).

19. There is supplemental jurisdiction over the state statutory and or common law tort claims because they arise out of a common nucleus of operative facts with respect to the civil rights federal question jurisdiction count. 28 USCS § 1367a (supplemental jurisdiction).

## FACTS

20. On or about the afternoon of June 8th, 2013 at approximately 1:15 pm, Plaintiff, Mr. Bryan Henning, was seated beach side of the Atlantic Ocean near the shoreline unaccompanied near the south side of the property known as the *Cocoa Beach Pier* for the purpose of practicing his hobby of photography. The Cocoa Beach pier is open to the general public for beach going and apparently for conducting business as a tourist attraction, retail business, restaurants, and as a fishing pier.

21. Defendants one through six ("the Vigilante Mob") became disgruntled with the fact that Mr. Henning was taking pictures. All of the Vigilante Mob members were drinking large beers and appeared intoxicated with alcohol. One of them yelled aloud that Mr. Henning was a pedophile and they began to discuss their contempt for Mr. Henning among one another. One or more of the Defendants reported Mr. Henning to a lifeguard on duty who informed him that Mr. Henning was not violating any law or rules on the beach by taking pictures, that he had the right to take pictures, and refused to do anything.

22. A man who spoke to the lifeguard informed the rest of the members of the Vigilante Mob at which time they all became doubly infuriated and concocted a scheme to assault and batter and or kill Mr. Henning. Veronica Hughes and or Sheila Duffield agreed to provide a false witness statement to the police if the males would agree to beat up and or attack and or kill Mr. Henning. The members of the Vigilante Mob then began approaching all people in the vicinity and telling them that Mr. Henning was a pedophile and or made other slanderous defamatory statements, and told beach goers that they need to leave the area and a majority of all persons to the front and sides of Mr. Henning were cleared from the beach, though a group of people remained to the rear of Mr. Henning. Subsequently the Vigilante Mob which included additional unidentified males, but without the females, approached Mr. Henning and stood shoulder to shoulder forming an arch encircling Mr. Henning in his beach chair approximately five feet in front of him, at which time Mr. Henning had no reasonable means of escape. At this point Mr. Henning was in fear for his life because several of the men were extremely large and there were approximately 7-8 of them they were all angry, drinking beer and appeared intoxicated. He pleaded with them to leave him alone and mind their own business, at which time Defendant Raymond Day stated that they would not leave Mr. Henning alone because they "don't like faggots" referring to Mr. Henning as a "faggot."

23. Mr. Henning responded asking under his breath why Raymond Day didn't like faggots because all the guys he was standing with looked pretty gay. Raymond Day then suddenly became extremely furious and flush red with anger turned around and charged at Mr. Henning right up to his face pinning him in the beach chair and while hovering directly above Mr. Henning who was seated, shouted angrily in Mr. Henning's face "what did you just say?" At this point Mr. Henning was in fear for his life and of an imminent battery. Mr. Henning instinctively picked up his pocket knife and said get away from me.

Raymond Day's demeanor turned from extreme anger into reconsideration of his actions at which point he backed away back to his original position with the men. When he did so another man turned around and asked if Mr. Henning had "pulled a knife" on them, and then that man said "if you are going to pull a knife we're going to jump on you and tackle you." Mr. Henning extremely fearful that they would all jump on him and beat him unconscious or to death, then warned the men that if they try to tackle him that he would stab them. Upon this warning the men reconsidered their actions and Mr. Henning was able to save his own life in self-defense.

**24.** The Vigilante Mob began to say they were going to call the cops on Mr. Henning for "pulling a knife," which one or more of them did. The men then backed off to about 10 feet from Mr. Henning but remained in a crowd in front of Mr. Henning, joking and laughing about what they had done to Mr. Henning and drinking beer. Mr. Henning waited for the police to arrive and never left his seated position in the beach chair throughout the entire incident until he was arrested by Defendant Officer Don F. Potenziani (Potenziani).

25. Shortly thereafter, Potenziani arrived and immediately pulled his gun and pointed it at Mr. Henning even though Mr. Henning was unarmed, was not posing any threat to anyone and was sitting quietly and calmly in his beach chair under his beach umbrella. Potenziani then arrested and or detained Mr. Henning in handcuffs and shouted to the crowd which had been seated to the rear of Mr. Henning "ok everyone take a picture now" suggesting that the crowd to the rear take a picture of Mr Henning handcuffed in order to humiliate him. Potenziani then searched Mr. Henning's belongings without a warrant or exception thereto. Mr. Henning fully complied with all of Potenziani's orders then explained that he was being victimized by the men and that they had tried to attack him. Potenziani completely ignored Mr. Henning's claims negligently failed to conduct a reasonably adequate investigation of the facts. Then Potenziani shouted "who'd he pull the knife on" and none of the Vigilante Mob initially responded, but then an unidentified man pointed out Defendant Raymond Day. Mr. Henning was then taken to Potenziani's police vehicle and locked inside it and subsequently charged by Potenziani with aggravated assault and disorderly conduct.

26. Subsequent to Mr. Henning's arrest, Defendant's Veronica Hughes, Sheila Duffield published false statements and or written affidavit's to the police and or each other and or to another person that alleged Mr. Henning was brushing his teeth while stroking his penis, which was the basis for the charge of disorderly conduct. The male members of the mob published false statements and or written affidavit's to the police and or each other and or to another person that alleged Mr. Henning had pulled a knife on them and threatened to stab them not in self defense but made no mention of Mr. Henning brushing his teeth or stroking his penis.

27. Mr. Henning was booked into and held in Brevard County Jail, and his mug shot pictures were uploaded to a Brevard County website and or otherwise came into the possession of Defendants Criminalfaces.com, Frompo.com, Mugshots.com, and Justmugshots.com Corp. (the Extortion Websites). The Extortion Websites subsequently each posted the mugshot photos on their websites with descriptions that accuse Mr. Henning of aggravated assault and disorderly conduct and or paint Mr. Henning in a false light and or falsely accuse and or threaten to accuse and or continue to accuse him falsely of a crime with the malicious intent to directly and or indirectly gain pecuniary advantage by compelling Mr. Henning to pay them hundreds of dollars to have the mug shot photos removed from their respective websites and or through for profit banner advertisements generated alongside the mug shot photos of Mr. Henning. Furthermore, each photo has been materially altered from its original form to paint Mr. Henning in a false light by superimposing the words "criminalfaces.com" and or "mugshots.com" or the like over the photo of Mr. Henning.

28. Mr. Henning was not charged by the state attorney with aggravated assault, or any ordinary assault as alleged by Potenziani, because the state's attorney found that there was no evidence to support

each element of the charges and or there was not probable cause to support Mr. Henning's arrest or prosecution for assault or aggravated assault. Mr. Henning was only charged with "improper display of a dangerous weapon" and "disorderly conduct." Both of which are misdemeanors and are not arrestable offenses unless completed in the presence of an officer. Upon receipt of discovery and a hearing on various motions, even these charges were completely disposed of by the Assistant State Attorney.

## INCORPORATION OF FACTS

29. For the purpose of brevity and the elimination of redundancy the writer hereby incorporates where applicable the facts as stated supra into the respective claims and counts as stated infra.

### COUNT ONE (1): FALSE IMPRISONMENT - AGAINST RAYMOND DAY, ALEX MARTUS, JEREMY FELTY, BEAU MCCUNE, VERONICA HUGHES, SHEILA DUFFIELD.

30. The facts indicate that Mr. Henning was: (1) intentionally confined by the Vigilante Mob, acting as co-conspirators and or independently, in his beach chair when they encircled him and or when Raymond Day stood over him; (2) without sufficient legal excuse; (3) against his will and without his consent and with no reasonable means of escape; (4) for a significant period of time; (5) and he was aware of his confinement, constituting the common law and or Florida state law tort of false imprisonment.

### COUNT TWO (2): SLANDER PER SE - AGAINST RAYMOND DAY, ALEX MARTUS, JEREMY FELTY, BEAU MCCUNE, VERONICA HUGHES, SHEILA DUFFIELD.

31. The facts indicate that the Vigilante Mob, individually and or as co-conspirators, published statements to another person alleging that Mr. Henning committed an infamous crime, or that tends to subject him to hatred, distrust, ridicule, contempt, or disgrace, and tends to injure his trade or profession by publishing the allegation that he is a pedophile. This constitutes the state law and or common law tort of slander per se and or slander per quod.

### COUNT THREE (3): SLANDER PER SE - AGAINST VERONICA HUGHES & SHEILA DUFFIELD.

32. The facts indicate that Veronica Hughes and Sheila Duffield published statements to another person alleging that Mr. Henning committed an infamous crime, or that tends to subject him to hatred, distrust, ridicule, contempt, or disgrace, and tends to injure his trade or profession by publishing the allegation that he was stroking his penis while brushing his teeth on the beach. This constitutes the state law and or common law tort of slander per se and or slander per quod.

### COUNT FOUR (4): SLANDER PER SE - AGAINST RAYMOND DAY, ALEX MARTUS, JEREMY FELTY, BEAU MCCUNE, VERONICA HUGHES, SHEILA DUFFIELD.

33. The facts indicate that the Vigilante Mob, individually and or as co-conspirators, published statements to another person alleging that Mr. Henning committed an infamous crime, or that tends to subject him to hatred, distrust, ridicule, contempt, or disgrace, and tends to injure his trade or profession by publishing the allegation that he unlawfully pulled a knife on a person and or threatened to stab a person not in self-defense. This constitutes the state law and or common law tort of slander per se and or slander per quod.

### COUNT FIVE (5): INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS - AGAINST RAYMOND DAY, ALEX MARTUS, JEREMY FELTY, & BEAU MCCUNE.

34. The facts indicate that the Defendants which were members of the Vigilante Mob: (1) intentionally or recklessly; (2) engaged in extreme and outrageous conduct; (3) causing severe emotional distress to Mr. Henning, which constitutes the state law and or common law tort of intentional infliction of emotional distress by the entirety of their course of conduct on the day and during the incident in question.

### COUNT SIX (6): ASSAULT- AGAINST RAYMOND DAY, ALEX MARTUS, JEREMY FELTY, BEAU MCCUNE, VERONICA HUGHES, SHEILA DUFFIELD.

35. The facts indicate that the Vigilante Mob and or Raymond Day acting individually or as co-conspirators intentionally placed Mr. Henning in apprehension of an imminent unlawful touching by approaching and surrounding him in a menacing manner and or by charging at him and or standing over him. Constituting the common law and or state law tort of assault.

### COUNT SEVEN (7): 1983 COLOR OF LAW FALSE ARREST AND OR FALSE IMPRISONMENT – AGAINST DON F. POTENZIANI AND OR THE CITY OF COCOA BEACH

36. The facts indicate that Officer Potenziani acted under color of law enforcement by: (1) arresting Mr. Henning without probable cause; and or (2) searching his person and or belongings without a warrant or exception thereto; and or (3) by intentionally subjecting Mr. Henning to public scorn and humiliation by shouting "everybody take a picture now" while referring to Mr. Henning as he was being handcuffing which constitutes a summary punishment without due process of law; and or (4) by using excessive force in pointing a loaded weapon at Mr. Henning though he posed no threat whatsoever. Potenziani's conduct is in violation of Mr. Henning's constitutional rights and gives rise to compensation for damages for a claim brought under 42 U.S.C. 1983 for violation of his Federal Fourth Amendment right to be free from unlawful search and seizure and Fourteenth Amendment substantive and or procedural due process guarantees because Potenziani's conduct violates clearly established federal law.

37. Potenziani acted without probable cause when he arrested Mr. Henning for aggravated assault and disorderly conduct because no reasonable officer would have believed that Mr. Henning (1) made an unlawful threat; and or (2) had an apparent ability to carry out the threat; and or (3) that Raymond Day and or any other person had a well-founded fear that violence was imminent at that hands of Mr. Henning, because Mr. Henning made statements in self-defense which were not unlawful, and or the threat was conditional therefore violence was not imminent, and or because Raymond Day was not in fear as demonstrated that he remained right there and was in a jovial and or intoxicated demeanor and gave no objective indication that he was in fear nor was any other person.

38. Furthermore, because a common pocket knife is specifically excluded as a "weapon" as defined by Florida Statute §790.001(13), it could not give Potenziani grounds for an aggravated assault charge under Florida Statute § 784.021 because it requires and assault with a "deadly weapon" and a reasonable officer would have known this.

39. Moreover, it was unlawful to arrest Mr. Henning for any misdemeanor assault, or misdemeanor disorderly conduct or any other misdemeanor because it was not committed in the presence of Potenziani or another officer and Florida Statute § 901.15 only authorizes arrests for misdemeanors committed in the presence of an officer.

40. Finally, under Florida Statute § 776.032(2) entitled "immunity from criminal prosecution and civil action for justifiable use or threatened use of force," an officer may not arrest a person for using or threatening to use force unless it determines that there is probable cause that the force that was used or threatened was unlawful and the officer must make an investigation. And Potenziani negligently or intentionally failed to make an investigation or determination with this regard prior to arresting Mr.

Henning and while having full knowledge of Mr. Henning's claims of self-defense and that he was being attacked by the Vigilante Mob.

41. Therefore, based on the facts known to him at the time there was not probable cause for any arrestable offence with which to charge Mr. Henning and or if probable cause existed it was destroyed on the learning of facts that would exonerate or provide immunity against arrest or prosecution for Mr. Henning prior to arrest and Potenziani intentionally or negligently failed to make a further investigation as required by law. And or Potenziani deliberately and or negligently misrepresented the facts in order to upcharge to a felony in order to justify his arrest of Mr. Henning while ignoring statutory investigation requirements of Florida Statute § 776.032(2). And did so out of manifest contempt for Mr. Henning and a bare desire to harm him and subject him to public ridicule and humiliation as evidenced by the fact that he shouted for everyone to take a picture of Mr. Henning hand cuffed and shirtless.

42. As a result of Potenziani's conduct Mr Henning has suffered tremendous injury to his reputation and personal dignity and a loss of liberty as a result of being jailed in Brevard county jail where he was housed in the maximum security pod of the prison. He was confined to a 10 foot by 10 foot cell with 2 other people that were suicidal, the cell had no beds and was made to sleep on a concrete floor. In addition the lights were never shut off and he was frisked for weapons every six hours by deputies. There was a toilet in the cell with no privacy and Mr. Henning was forced to defecate in front of other people with no privacy which was extremely humiliating to him.  He was forced to pay jail fees, an $1,100 bond, and had to walk approximately 15-20 miles back to his vehicle in a pair of crocs and only shorts and no shirt after being released from jail on a Sunday because he had no money, no shirt or other clothes, no cell phone and there was no bus service. Mr. Henning was also forced to defend himself in court at a cost of great mental anguish and stress and had to attend several hearings and travel a great distance to get to them and incurred costs and expenses for them. The defense process lasted several months and interfered with Mr. Henning's law school study.

43. Furthermore, because Mr. Henning is a law school student, he was obligated to explain the charges and allegations to his law school administrators which caused him substantial humiliation, substantial injury to his reputation, and substantial injury to his personal dignity and standing within the law school administration, faculty and classmates. And because Mr. Henning was an applicant to the Florida Bar he was obligated to explain the charges and allegations to the Florida Bar at a cost of great humiliation and great loss of personal dignity and respect from the Florida Bar and greatly jeopardizing his chances of being seated for the bar and obtaining a seat for the bar exam and a license to practice law.

44. This same conduct by Potenziani discussed supra constitutes the state law and or common law tort of false imprisonment and or false arrest because the facts indicate that Mr. Henning was: (1) intentionally confined by Potenziani in handcuffs and jail; (2) without sufficient legal excuse; (3) against his will and without his consent and with no reasonable means of escape; (4) for a significant period of time; (5) and he was aware of his confinement.

45. The Defendant the City of Cocoa Beach is jointly and severally liable under the theory of *respondeat superior* for the state law tort claim of false imprisonment and or false arrest because Potenziani was acting within the scope of his employment when he false imprisoned Mr. Henning and violated his civil rights.

### COUNT EIGHT (8): 42 U.S.C. 1983 MUNICIPAL DEPRIVATION OF CIVIL RIGHTS FOR FAILURE TO TRAIN OFFICERS – AGAINST THE CITY OF COCOA BEACH

46. The facts indicate that the City of Cocoa Beach (the City) is liable under 42 U.S.C. 1983 for failure to train its officers and or Potenziani who has not been adequately trained and the violation of Mr. Henning's constitutional rights as discussed supra was caused by the failure to train, because but for the

City's failure to train its officers, Mr. Henning would not have suffered a deprivation of his civil rights at the hands of its employee. And the City's failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact as evidenced by Potenziani's conduct. City of Canton v. Harris, 489 U.S. 378, 388 (U.S. 1989).

### COUNT NINE (9): NEGLIGENCE – AGAINST WESTGATE COCOA BEACH PIER LLC, LORI J. STOTTLER, STOTTLER LLC

47. The Cocoa Beach Pier owned at the time by Lori J. Stottler and or Stottler LLC, and or its successor Westgate Cocoa Beach Pier LLC is liable to Mr. Henning for the common law and or state law tort of negligence because the property owner and or possessor: (1) had a duty to its invitees to take reasonable precautions to prevent foreseeable harm to them from occurring on its property; (2) the duty was breached by the negligent failure to provide adequate security and or by negligently allowing public consumption of alcohol on its property without adequate security; (3) the failure proximately caused the Vigilante Mob to assault and false imprison Mr. Henning; (4) But for their failure to provide adequate security, Mr. Henning would not have been false imprisoned, assaulted, caused emotional distress, or false arrested; (5) Mr. Henning sustained damages as stated under each other count in this complaint.

### COUNT TEN (10): CIVIL EXTORTION – AGAINST CRIMINALFACES.COM, FROMPO.COM, MUGSHOTS.COM & JUSTMUGSHOTS.COM CORP.

48. The facts indicate that Defendant's Criminalfaces.com, Frompo.com, Mugshots.com and Justmugshots.com Corp. each have each, individually and or collectively, conspired or endeavored to receive any proceeds, directly or indirectly from a pattern of criminal activity including by verbally or by a written or printed communication, maliciously threatened to accuse Mr. Henning of any crime or offense, or by such communication maliciously threatened an injury to Mr. Henning, his property or his reputation, or maliciously threatened to expose Mr. Henning to disgrace, with intent thereby to extort money or any pecuniary advantage whatsoever, and or with the intent to compel Mr. Henning so threatened, to do any act or refrain from doing any act against his will. These Defendants conduct gives rise to a civil cause of action under Fla. Stat. § 772.104 entitled "civil remedies for criminal practices" related to violation of the Florida criminal extortion statute Fla. Stat. § 836.05 entitled "defamation; libel; threatening letters and similar offenses"

49. They did this by threatening to continue posting and actually continuing to actually post false accusations against Mr. Henning. Entitling Mr. Henning to either three times the actions actually sustained or a minimum damages in the amount of $200, and reasonable attorney's fees and court costs. In addition Mr. Henning seeks the injunctive relief of an order to remove and destroy the mug shots of Mr. Henning from any and all websites within their control along with any descriptions of charges and the name of and or any reference to Mr. Henning.

### COUNT ELEVEN (11): SLANDER PER SE – AGAINST CRIMINALFACES.COM, FROMPO.COM, MUGSHOTS.COM & JUSTMUGSHOTS.COM CORP.

50. The facts indicate that Defendant's Criminalfaces.com, Frompo.com, Mugshots.com and Justmugshots.com Corp., either individually and or as co-conspirators, published statements to another person alleging that Mr. Henning committed an infamous crime, or that tends to subject him to hatred, distrust, ridicule, contempt, or disgrace, and tends to injure his trade or profession by publishing the allegation that he has committed aggravated assault with a deadly weapon, and or disorderly conduct, and or by materially altering Mr. Henning's mug shot photos and posting them online and making them available to search engines such as google.com with the words "criminalfaces" and or "mugshots" and or the like superimposed over the image of Mr. Henning in jail clothing. This constitutes the state law and or common law tort of slander per se and or slander per quod. In addition Mr. Henning seeks the injunctive

relief of an order to remove and destroy the mug shots of Mr. Henning from any and all websites within their control along with any descriptions of charges and the name of and or any reference to Mr. Henning.

### COUNT TWELVE (12): INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – AGAINST CRIMINALFACES.COM, FROMPO.COM, MUGSHOTS.COM, & JUSTMUGSHOTS.COM CORP.

51. The facts indicate that Defendant's Criminalfaces.com, Frompo.com, Mugshots.com and Justmugshots.com Corp.: (1) intentionally or recklessly; (2) engaged in extreme and outrageous conduct; (3) causing severe emotional distress to Mr. Henning by continuing to post mugshot pictures with allegations that he has committed and or being charged with a crime far past the date when the charges were dropped and or by materially altering Mr. Henning's mug shot photos and posting them online and making them available to search engines such as google.com which routinely return photos of Mr. Henning with the words "criminalfaces" and or "mugshots" and or the like superimposed over the image of Mr. Henning in jail clothing when his name is searched. This conduct constitutes the state law and or common law tort of intentional infliction of emotional distress. In addition Mr. Henning seeks the injunctive relief of an order to remove and destroy the mug shots of Mr. Henning from any and all websites within their control along with any descriptions of charges and the name of and or any reference to Mr. Henning.

### DAMAGES

52. In addition to and or as a result of each count in this complaint damages listed under each count Mr. Henning has suffered the following damages. Mr. Henning is an upstanding citizen and prior to the incident described herein enjoyed respect by the community which has been severely injured by the Defendant's conduct. Mr. Henning was greatly injured in his reputation and credit in the community, was subjected to public scorn and ridicule, and was caused great mental anguish, emotional distress and anxiety, and suffered harm to his personal dignity. He has suffered a loss of liberty and imprisonment in jail and as a result of being forced to attend hearings and defend himself. He has suffered financial losses and his law school grades have been impacted. Moreover, the Defendant's have caused Mr. Henning extreme and irreparable damage to his career as an attorney, his reputation at law school and with the Florida Board of Bar examiners. The damages request represent compensation for all these injuries and the estimated injury to his lifetime earning potential as an attorney.

### JURY DEMANDED

53. A jury trial is demanded.

WHEREFORE, Plaintiff Bryan Henning demands judgment against Defendants in the amount of three million dollars ($3,000,000.00) for each count, punitive damages, his costs expended in this action, and injunctive relief as requested in some counts.

Respectfully Submitted,

Dated: June 8, 2015

/s/ _____
Bryan E. Henning
Pro Se

2457 E Desert Willow Dr.
Phoenix, AZ 85048
citywidelegalservice@gmail.com
928-297-2310