UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRYAN HENNING,

        Plaintiff,

v.                                Case No: 6:15-cv-927-Orl-40DCI

JEREMY FELTY,

        Defendant.

### REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** **APPLICATION FOR DEFAULT JUDGMENT AGAINST JEREMY FELTY (Doc. 83)**
>
> **FILED:** **December 12, 2016**
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

**I.   BACKGROUND.**

    **A.  The Altercation.**

The events giving rise to this case occurred on June 8, 2013, in Cocoa Beach, Florida. Doc. 5 at ¶ 17. Bryan Henning – a law student at the time – was sitting on the beach that day taking pictures. *Id*. at ¶¶ 12, 17. Mr. Henning was approached by six individuals – Raymond Day, Alex Martus, Jeremy Felty, Beau McCune, Veronica Hughes, and Sheila Duffield – who were disgruntled with his photography. *Id*. at ¶¶ 1-6, 19. Mr. Henning refers to these individuals as the "Vigilante Mob." *Id*. Mr. Henning alleges that "[o]ne of them yelled" that he was a pedophile. *Id*. at ¶ 21. The Vigilante Mob asked a nearby lifeguard to remove Mr. Henning from the beach,

but the lifeguard refused.  *Id*. at ¶ 22.  The Vigilante Mob became upset and "concocted a scheme to assault and batter and or kill Mr. Henning."  *Id*. at ¶ 23.  The Vigilante Mob began approaching people near Mr. Henning "telling them that [he] was a pedophile[.]"  *Id*. at ¶ 25.  A total of seven or eight angry men, some of whom were members of the Vigilante Mob, then "approached Mr. Henning and stood shoulder to shoulder forming an arch encircling Mr. Henning[.]"  *Id*. at ¶¶ 26-27.  Mr. Henning had no reasonable means of escape.  *Id*. at ¶ 26.  Mr. Day and Mr. Henning exchanged a series of insults, which ultimately caused Mr. Day to charge at, but not touch, Mr. Henning.  *Id*. at ¶¶ 28-30.  Mr. Henning, fearing for his life, brandished a pocket knife.  *Id*. at ¶ 31.  Mr. Day retreated, while "another man" told Mr. Henning that "if you are going to pull a knife we're going to jump on you and tackle you."  *Id*. at ¶ 33.  Mr. Henning threatened to stab anyone who came near him.  *Id*. at ¶ 34.  The Vigilante Mob called law enforcement in response to Mr. Henning's threat.  *Id*. at ¶ 35.  Mr. Henning was subsequently arrested and charged with aggravated assault and disorderly conduct.  *Id*. at ¶ 44.  The charges were eventually dropped.  *Id*. at ¶ 51.

### B. The Complaint.

Mr. Henning, who is proceeding *pro se*, instituted this case on June 8, 2015.  Doc. 1.  Mr. Henning subsequently filed the operative complaint against the members of the Vigilante Mob, including Mr. Felty, as well as several other individuals, corporations, and the City of Cocoa Beach.  Doc. 5.  Mr. Felty is the only remaining defendant in this case.  *See* Docs. 13; 86.  Mr. Henning asserted six claims against Mr. Felty, but the Court dismissed four of those claims.  Doc. 12.[1]  Mr. Henning's remaining claims against Mr. Felty – Counts III and VIII – provide as follows:

---

[1] Mr. Henning was granted leave to file a second amended complaint to re-allege several of the claims dismissed by the Court, Doc. 12 at 28, but Mr. Henning did not file a second amended complaint.

> **Count (3): SLANDER PER SE – AGAINST RAYMOND DAY, ALEX MARTUS, JEREMY FELTY, BEAU MCCUNE, VERONICA HUGHES, SHEILA DUFFIELD.**
>
> The facts indicate that the Vigilante Mob, individually and or as co-conspirators, published statements to another person alleging that Mr. Henning committed an infamous crime, or that tends to subject him to hatred, distrust, ridicule, contempt, or disgrace, and tends to injure his trade or profession by publishing the allegation that he is a pedophile. This constitutes the state law and or common law tort of slander per se and or slander per quod.
>
> **Count (8): ASSAULT - AGAINST RAYMOND DAY, ALEX MARTUS, JEREMY FELTY, BEAU MCCUNE, VERONICA HUGHES, SHEILA DUFFIELD.**
>
> The facts indicate that the Vigilante Mob and or Raymond Day acting individually or as co-conspirators intentionally placed Mr. Henning in apprehension of an imminent unlawful touching by approaching and surrounding him in a menacing manner and or by charging at him and or standing over him. Constituting the common law and or state law tort of assault.

Doc. 5 at ¶¶ 55, 60. Mr. Henning does not allege that Mr. Felty's conduct caused any particular damages. *See id*. at ¶¶ 55, 60, 85. Mr. Henning, instead, generally alleges that "Defendants'" actions caused him to suffer mental anguish and emotional distress, loss of liberty, irreparable harm to his reputation in the community and his ability to become an attorney. *Id*. at ¶ 85. Mr. Henning demands judgment against "Defendants" in the amount of $3,000,000.00 for each count, as well as punitive damages and the costs of brining this case. *Id*. at ¶ 86.

### C. Clerk's Default.

A return of service was filed with the Court on June 16, 2016, indicating that Mr. Felty was personally served by the United States Marshals Service on May 5, 2016. Doc. 33. Mr. Felty did not respond to the Complaint in the time required under the Federal Rules of Civil Procedure. Thus, Mr. Henning filed a motion for default against Mr. Felty on November 23, 2016. Doc. 78. The Clerk entered default against Mr. Felty on December 1, 2016. Doc. 80.

### D. Motion for Default Judgment.

Mr. Henning filed an Application for Default Judgment Against Jeremy Felty (the Motion), requesting that the Court enter default judgment against Mr. Felty. Doc. 83. Mr. Henning maintains that he is entitled to default judgment against Mr. Felty on Counts III and VIII, and requests a total of $6,000,000.00 in damages. *Id*. at 5-20. Mr. Henning attached the following evidence in support of the Motion: an affidavit from Mr. Henning (Doc. 83-1); a copy of webpages detailing employment statistics for attorneys in May 2015 (Doc. 83-2 at 1-10); a copy of Mr. Henning's undergraduate and law school degrees (*Id*. at 11-12); a copy of awards for highest grade in various law school classes (*Id*. at 14-19); a chart created by Mr. Henning detailing his claimed damages (*Id*. at 20-21); copies of documents related to Mr. Henning's arrest and bail (*Id*. at 22-27, 45-47); pictures of Mr. Felty at the beach on the day in question (*Id*. at 34-35); and copies of documents pertaining to Mr. Henning's law school loans (*Id*. at 36-44).

## II. **STANDARD OF REVIEW**.

The Federal Rules of Civil Procedure establish a two-step process for obtaining a default judgment. First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default. Fed. R. Civ. P. 55(a). Second, after obtaining clerk's default, the plaintiff must move for default judgment. Fed. R. Civ. P. 55(b). Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true,

adequately state a claim for which relief may be granted.  *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2]

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This standard does not require detailed factual allegations, but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To this end, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id*. (quoting *Twombly*, 550 U.S. at 570).  To state a plausible claim for relief, plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (citing *Twombly*, 550 U.S. at 556).  If plaintiff fails to meet this pleading standard, then plaintiff will not be entitled to default judgment.

If plaintiff is entitled to default judgment, then the court must consider whether plaintiff is entitled to the relief he or she requests in their motion for default judgment.  If plaintiff seeks damages, plaintiff bears the burden of demonstrating that he or she is entitled to recover the amount of damages sought in the motion for default judgment.  *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008).  Unlike well-pled allegations of fact, allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages.  *Id*. (citing *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)).  Therefore, even in the default judgment context, "[a] court has an

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

obligation to assure that there is a legitimate basis for any damage award it enters[.]" *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects a basis for an award of damages). Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a liquidated sum or one capable of mathematical calculation, the law requires the district court to hold an evidentiary hearing to fix the amount of damages. *See Adolph Coors*, 777 F.2d at 1543-44 (11th Cir. 1985). However, no hearing is needed "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *see also Wallace*, 247 F.R.D. at 681 ("a hearing is not necessary if sufficient evidence is submitted to support the request for damages"). A plaintiff may use affidavits in an effort to quantify their damages claim. *Adolph Coors*, 777 F.2d at 1544.

### III.   ANALYSIS.

#### A. Subject Matter Jurisdiction.

The Court previously determined that it has subject matter jurisdiction over the then-remaining claims – Counts III, IV, and VIII – based on diversity jurisdiction. Doc. 12 at 20-26. There have been two notable changes since the Court's determination. First, Mr. Henning filed a Notice of Change of Address on November 28, 2016, requesting that all documents be served at an address located in Michigan. Doc. 79. This change of address does not appear to affect Mr. Henning's allegation that he is a citizen of Arizona, but, even if it does, there would still be complete diversity between Mr. Henning and Mr. Felty. Second, Mr. Henning has completely

settled Count IV, and partially settled Counts III and VIII. *See* Docs. 12; 86.[3] The undersigned finds that these events do not alter the Court's determination that the amount in controversy exceeds $75,000.00. *See* Doc. 12 at 24-26. Therefore, the undersigned finds that the foregoing events do not undermine the Court's previous determination that it has subject matter jurisdiction over the remaining claims against Mr. Felty.

### B. Personal Jurisdiction.

The Court has personal jurisdiction over Mr. Felty because the uncontroverted allegations establish that he resides in Florida, and the actions giving rise to the claims against him occurred in Florida. *See* Doc. 5 at ¶¶ 3, 17-51, 55, 60.

### C. Clerk's Default.

The undersigned finds that Mr. Felty was properly served. It is axiomatic that a defendant may be served via personal service. Fed. R. Civ. P. 4(e)(2)(A); Fla. Stat. § 48.031(1)(a). The return of service indicates that Mr. Felty was personally served on May 5, 2016. Doc. 33.[4] Mr. Felty had had twenty-one (21) days from the date of service – May 26, 2016 – to respond to the Complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Mr. Felty has neither appeared in this case nor responded to the Complaint. Therefore, the Clerk properly entered default against Mr. Felty. Fed. R. Civ. P. 55(a).

---

[3] Mr. Henning reached a settlement with Mr. Day, Mr. Martus, Ms. Hughes, and Ms. Duffield on Counts III and VIII, and voluntarily dismissed Mr. McCune from the case. Doc. 86.

[4] The return of service is not a model of clarity, but, as the undersigned previously discussed, it sufficiently demonstrates that Mr. Felty was personally served. Doc. 73.

### D. Slander Per Se and Assault.

#### 1. The Court has Not Previously Determined that Mr. Henning has Sufficiently Stated Claims of Slander Per Se and Assault.

Mr. Henning maintains that the Court previously determined that he sufficiently stated claims for slander per se and assault against Mr. Felty. Doc. 83 at 5 (citing Doc. 12). The Court, though, has made no such determination. The order Mr. Henning points to does not address Mr. Henning's claims of slander per se or assault in any detail. *See* Doc. 12. The Court, instead, merely assumed that Mr. Henning's claims of slander per se (Count III) and assault (Count VIII) sufficiently stated claims upon which relief may be granted. *Id*. at 20 n.6. Thus, the Court has not determined whether Mr. Henning sufficiently stated claims of slander per se and assault against Mr. Felty. Therefore, the undersigned will now – for the first time – consider whether Mr. Henning has sufficiently stated claims of slander per se and assault against Mr. Felty.

#### 2. Mr. Henning Failed to State a Claim of Slander Per Se Against Mr. Felty.

Mr. Henning maintains that the allegations and undisputed evidence demonstrate that Mr. Felty, along with others, "published to many people the false, slanderous, and defamatory statement that [Mr. Henning] is a pedophile." Doc. 83 at 7 (citing Docs. 5 at ¶¶ 25, 55; 83-1). Mr. Henning contends that these actions constitute slander per se, and, thus, argues that Mr. Felty is liable for slander per se. *Id*. at 7-8.

A claim of defamation encompasses slander, which generally relates to defamatory spoken statements. *Fortson v. Colangelo*, 434 F. Supp. 2d 1369, 1378 n.11 (S.D. Fla. 2006). A private person asserting a claim of defamation, or, relevant here, slander, must, as the Court previously stated, demonstrate "that the defendant published a false statement, that the statement is defamatory, that the defendant acted negligently regarding the falsity of the statement, and that the plaintiff suffered actual damages as a result." Doc. 12 at 19 (citing *Jews for Jesus, Inc. v. Rapp*,

997 So.2d 1098, 1106 (Fla. 2008)).  A claim of slander per se may arise in several circumstances, including circumstances where the defamatory statement "imputes to another . . . a criminal offense amounting to a felony . . . or . . . conduct, characteristics, or a condition incompatible with the proper exercise of his lawful business, trade profession, or office[.]"  *Campbell v. Jacksonville Kennel Club, Inc.*, 66 So.2d 495, 497 (Fla. 1953).

Mr. Henning has failed to sufficiently allege a claim of slander per se against Mr. Felty.  Mr. Henning alleges, in relevant part, as follows:

> 21.  One of them[5] yelled aloud that Mr. Henning was a pedophile and they began to discuss their contempt for Mr. Henning among one another.
>
> . . .
>
> 25. The members of the Vigilante Mob then began approaching all people in the vicinity and telling them that Mr. Henning was a pedophile and or made other slanderous defamatory statements, and told beach goers that they need to leave the area and a majority of all persons to the front and sides of Mr. Henning were cleared from the beach, though a group of people remained to the rear of Mr. Henning.

Doc. 5 at ¶¶ 21, 25.  These allegations form the basis of Mr. Henning's claim of slander per se against Mr. Felty.  *See* Doc. 83 at 7-8.  The undersigned will presume, for purposes of this Order, that a statement accusing an individual of being a pedophile is per se slanderous.  *See Hoch v. Rissman, Weisberg, Barrett*, 742 So.2d 451 (Fla. 5th DCA 1999).  Mr. Henning's allegations, however, fall short of demonstrating that Mr. Felty is liable for slander per se.

First, Mr. Henning alleges that Vigilante Mob told others that he was a pedophile, but it is not clear whether Mr. Felty (who was a member of Vigilante Mob) told others that Mr. Henning

---

[5] Mr. Henning's use of them is a reference to the Vigilante Mob.  *See* Doc. 5 at ¶¶ 20-21.

was a pedophile.  *See* Doc. 5 at ¶¶ 21, 25.  Thus, it is unclear whether Mr. Henning has, in fact, alleged that Mr. Felty told others that Mr. Henning was a pedophile.[6]

Second, and perhaps more importantly, Mr. Henning does not allege that the statement accusing him of being a pedophile is false.  *See* Doc. 5.  Thus, Mr. Henning failed to allege an essential element of a claim for slander per se.  *See Byrd v. Hustler Magazine, Inc.*, 433 So.2d 593, 595 (Fla. 4th DCA 1983) ("A false statement of fact is the *sine qua non* for recovery in a defamation action.").  Mr. Henning seemingly attempts to correct this omission via the affidavit he filed in support of the Motion, wherein he avers that Mr. Felty's statement accusing him of being a pedophile is "false and defamatory[.]" Doc. 83-1 at 2.  Mr. Felty, though, is only deemed to have admitted the well-pled allegations in the Complaint, which, as previously mentioned, do not allege that the statement accusing him of being a pedophile was false.  Thus, Mr. Henning's affidavit cannot cure his failure to allege that the statement accusing him of being a pedophile is false.  *See Bautista v. Mangia Leggero, Inc.*, 2015 WL 6735541, at *2 n.3 (S.D. Fla. Nov. 4, 2015) (finding that the court could not considered new facts alleged in affidavit attached to motion for default judgment when determining whether the complaint alleges sufficient facts to support liability) (citing *Sabili v. Chase Hotel Mgmt., LLC*, Case No. 6:10-cv-807-Orl-31KRS, 2011 WL 940230, at *3 (M.D. Fla. Feb. 28, 2011)); *see also Pinnacle Towers LLC v. airPowered, LLC*, Case

---

[6] The undersigned notes that the Eleventh Circuit has recognized that referring to a group of defendants is not necessarily fatal to sufficiently stating a claim against each defendant in the group. *See Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997) ("When multiple defendants are named in a complaint, the allegations can be and usually are to be read in such a way that each defendant is having the allegation made about him individually.").  This type of pleading, though, can breed confusion and, if possible, should be avoided to ensure each defendant is placed on sufficient notice of the actions or omissions that give rise to each claim asserted against him or her.  *See Parker Auto Body Inc.* v. *State Farm Mut. Auto. Ins. Co.*, Case No. 6:14-cv-6004-Orl-31TBS, 2016 WL 4086777, at *3-6 (M.D. Fla. Apr. 5, 2016) (recommending that state law claims of tortious interference and unjust enrichment be dismissed as improper shotgun and group pleadings) *report and recommendation adopted*, 2016 WL 4041000 (M.D. Fla. July 28, 2016).

No. 5:15-cv-81-Oc-34PRL, 2015 WL 7351397, at *2 (M.D. Fla. Nov. 20, 2015) (finding that the assertion of new facts in motion for default judgment and supporting affidavit was an impermissible attempt to amend the operative complaint). Therefore, the undersigned finds that Mr. Henning has failed to state a claim of slander per se against Mr. Felty.

### 3. Mr. Henning Failed to State a Claim of Assault Against Mr. Felty.

Mr. Henning maintains that the allegations and undisputed evidence demonstrate that Mr. Felty stated that "we're going to jump on [Mr. Henning] and tackle [him]." Doc. 83 at 5-6 (citing Docs. 5 at ¶¶ 26-33; 83-1). Mr. Henning contends that these actions constitute assault, and, thus, argues that Mr. Felty is liable for assault. *Id*.

The tort of assault is defined as "an intentional, unlawful offer of corporal injury to another by force, or force unlawfully directed toward another under such circumstances as to create a fear of imminent peril, coupled with the apparent present ability to effectuate the attempt." *Lay v. Kremer,* 411 So.2d 1347, 1349 (Fla. 1st DCA 1982). Thus, a plaintiff asserting a claim of assault must demonstrate that the defendant: 1) made an intentional, unlawful threat of violence; 2) had the present and apparent ability to carry out the threat; and 3) created a well-founded fear that violence is imminent. *See Cannon v. Thomas ex rel. Jewett*, 133 So.3d 634, 639 (Fla. 1st DCA 2014).

Mr. Henning has failed to sufficiently state a claim of assault against Mr. Felty. Mr. Henning alleges, in relevant part, as follows:

> 33. When [Raymond Day] did so another man turned around and asked if Mr. Henning had "pulled a knife" on them, and then that man said "if you are going to pull a knife we're going to jump on you and tackle you."

Doc. 5 at ¶ 33. This allegation forms the basis of Mr. Henning's claim of assault against Mr. Felty. *See* Doc. 83 at 7-8. The Complaint, though, contains no allegations identifying the man who

threatened to jump on and tackle Mr. Henning for brandishing a knife.  *See* Doc. 5 at ¶ 33.  Mr. Henning seemingly attempts to correct this omission via the affidavit he filed in support of the Motion, wherein he avers that Mr. Felty was the man who threatened to jump on and tackle Mr. Henning for brandishing a knife.  *See* Doc. 83-1 at 1.  Mr. Felty, as previously mentioned, is only deemed to have admitted the well-pled allegations in the Complaint, which, as previously mentioned, do not allege that he threatened to jump on and tackle Mr. Henning.  Thus, Mr. Henning's affidavit cannot cure his failure to allege that Mr. Felty is the person who threatened to jump on and tackle Mr. Henning.  *See Bautista*, 2015 WL 6735541, at *2 n.3; *see also Pinnacle Towers LLC*, 2015 WL 7351397, at *2.

Even assuming that Mr. Felty was the man who threatened to jump on and tackle Mr. Henning, the undersigned is not convinced that Mr. Henning's allegations sufficiently state a claim for assault.  Mr. Henning alleges that several angry men, including Mr. Felty, stood around him while he sat on the beach.  Doc. 5 at ¶ 26.  Mr. Henning alleges that Mr. Day charged at him, and stood over him, which, in turn caused him to brandish a knife.  *Id.* at ¶¶ 30-31.  Mr. Henning alleges that this caused Mr. Day to retreat and "another man" – presumably Mr. Felty – to threaten to jump on and tackle him, but there are no allegations that Mr. Felty gave the appearance or took any action in furtherance of his threat.  *See* Docs. 5 at ¶¶ 32-33; 83-1 at 1.  Thus, it appears Mr. Henning alleges that Mr. Felty simply made the threat while standing somewhere near Mr. Henning.  "Mere words or threats are not assault; they must be accompanied by acts or circumstances to put one in reasonable apprehension of *imminent* harmful or offensive contact to the person."  *Newman v. Gehl Corp.*, 731 F.Supp 1048, 1051 (M.D. Fla. 1990) (citing *Lay*, 411 So.2d 1347).  Thus, Mr. Henning's allegations may be sufficient to state a claim of assault against Mr. Day, but they fall short of demonstrating that Mr. Felty is liable for assault because there are

no allegations demonstrating that Mr. Felty gave the appearance or took any actions that would reasonably create a well-founded fear that he was about to carry out his threat. *See* Doc. 5 at ¶¶ 26-34. Therefore, the undersigned finds that Mr. Henning has failed to state a claim of assault against Mr. Felty.

### 4. Mr. Henning Failed to Demonstrate Entitlement to the Damages He Seeks.

Mr. Henning seeks a total of $6,000,000.00 in damages against Mr. Felty. Doc. 83 at 8-20. Mr. Henning, as previously discussed, has failed to state claims of slander per se and assault against Mr. Felty, and, thus, is not entitled to any of the relief he requests in the Motion. The undersigned's discussion of Mr. Henning's request for damages could end here, but the undersigned finds it is prudent to discuss generally the issues with Mr. Henning's request for damages.

First, Mr. Henning has failed to sufficiently demonstrate that Mr. Felty's alleged slander per se and assault resulted in millions of dollars of damages. It appears that Mr. Henning attributes a significant portion of his damages to his arrest and prosecution for aggravated assault and disorderly conduct. *See* Doc. 83 at 9-20. Mr. Henning's allegations, however, establish little, if any, casual connection between Mr. Felty's actions and Mr. Henning's arrest and prosecution for aggravated assault and disorderly conduct. Mr. Henning's allegations, instead, reveal that he was arrested for brandishing a knife in response to Mr. Day's actions, not Mr. Felty's actions. *See* Doc. 5 at ¶¶ 26-43. Thus, the undersigned questions whether Mr. Henning can demonstrate whether any of the damages he seeks are attributable to Mr. Felty's actions.

Second, the evidence that Mr. Henning attached to the Motion is not sufficient to support the amount of damages sought. A significant portion of the damages Mr. Henning seeks relate to humiliation, mental anguish, emotional distress, and lost future income. Doc. 83 at 8-20. The

damages associated with these types of losses are not readily capable of mathematical calculation. Therefore, assuming Mr. Henning could demonstrate that Mr. Felty is liable for slander per se or assault, the Court would have to conduct an evidentiary hearing to determine the appropriate amount of damages. *See Smyth*, 420 F.3d at 1231. The evidence Mr. Henning has attached to the Motion would not obviate the need for an evidentiary hearing. Indeed, the evidence provides little, if any, support for the damages Mr. Henning seeks.

### E. Summary.

Therefore, the undersigned finds that Mr. Henning has failed to state a claim of slander per se and assault against Mr. Felty, and recommends that the Court dismiss those claims. The undersigned further recommends that the Court grant Mr. Henning leave to file a second amended complaint against Mr. Felty,[7] and admonish him that failure to file the second amended complaint in the time provided will result in the claims against Mr. Felty being dismissed.[8]

## IV. CONCLUSION.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. 83) is **DENIED**;
2. The claims against Mr. Felty – Counts III and VIII – be **DISMISSED without prejudice**;
3. Mr. Henning be given 14 days after the Court rules on this report and recommendation to file a second amended complaint; and

---

[7] Mr. Henning may not assert additional claims against Mr. Felty or any other defendant in the amended complaint.

[8] If Mr. Henning does not wish to purse his claims against Mr. Felty, he may also file a notice of voluntary dismissal.

4. Mr. Henning be admonished that failure to file the second amended complaint in the time provided will result in the case being closed.

**The Clerk is directed to send a copy of this report and recommendation to Plaintiff by regular and certified mail.**

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on June 28, 2017.

_____
DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy