UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRYAN HENNING,

    Plaintiff,

v.                                                                         Case No: 6:15-cv-927-Orl-40DCI

JEREMY FELTY,

    Defendant.

## ORDER

This cause comes before the Court on *pro se* Plaintiff's Motion for Default Judgment Against Jeremy Felty (Doc. 83), filed December 12, 2016. On June 28, 2017, Magistrate Judge Daniel C. Irick submitted a report recommending that Plaintiff's motion be denied, that Plaintiff's claims against Defendant be dismissed without prejudice, and that Plaintiff be granted leave to amend those claims. On July 7, 2017, Plaintiff filed written objections to the Magistrate Judge's Report and Recommendation. This matter is ripe for review.

I.    **BACKGROUND**

On June 8, 2015, *pro se* Plaintiff, Bryan Henning ("Henning"), initiated this lawsuit against a number of Defendants for torts they allegedly committed against him. Due to settlements and dismissals, only one Defendant remains: Jeremy Felty ("Felty"). Henning accuses Felty of assaulting him while Henning sat on a beach taking photographs. Henning also claims that Felty committed slander *per se* by stating to others that Henning is a pedophile. After being served with this lawsuit, Felty never responded or appeared.

As a result, the Clerk of Court entered default against Felty on December 1, 2016. Henning now applies for a default judgment.

## II. STANDARDS OF REVIEW

### A. Review of Magistrate Judge's Report and Recommendation

A district judge may designate a magistrate judge to hear and determine both dispositive and non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a), (b). When a magistrate judge has been designated to decide a matter that is dispositive in nature, as is the case here, the magistrate judge must issue a report to the district judge specifying the magistrate judge's proposed findings of fact and recommended disposition. Fed. R. Civ. P. 72(b)(1). Any party who disagrees with the magistrate judge's recommended decision has fourteen days from the date of the recommendation to seek the district judge's review by filing objections to those specific portions of the recommendation disagreed with. Fed. R. Civ. P. 72(b)(2). The district judge must then make a de novo determination of each issue to which objection is made. Fed. R. Civ. P. 72(b)(3). De novo review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (per curiam). The district judge may then accept, reject, or modify the magistrate judge's recommendation, receive additional evidence or briefing from the parties, or return the matter to the magistrate judge for further review. Fed. R. Civ. P. 72(b)(3).

### B. Review of Motion for Default Judgment

"The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court." *GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002). Instead, before entering

default judgment, the Court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are deemed to be admitted by virtue of the defendant's default, adequately state a claim for relief. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] If the facts alleged in the complaint do not state a claim for relief against the defendant, a default judgment cannot be awarded. *Id.*

### C. Review of *Pro Se* Party's Pleadings and Motions

The Court has a duty to liberally construe a *pro se* plaintiff's filings and to afford greater leeway in alleging a claim for relief than what is given to licensed attorneys. *Tennyson v. ASCAP*, 477 F. App'x 608, 609–10 (11th Cir. 2012) (per curiam). Nevertheless, "a *pro se* party must follow the rules of procedure and evidence, and the district court has no duty to act as [a *pro se* party's] lawyer." *Id.* at 610 (internal quotation marks omitted). Moreover, the Court may not "rewrite an otherwise deficient pleading in order to sustain an action" for a *pro se* party. *GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

## III. DISCUSSION

Henning objects to the Magistrate Judge's findings that Henning failed to state claims for assault and slander *per se* against Felty and that Henning should only be

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit that were handed down prior to October 1, 1981.

permitted to amend his complaint to re-assert these claims.[2] The Court addresses Henning's objections in turn.

### A. Count III: Slander *Per Se*

First, the Magistrate Judge determined that the facts alleged in Henning's Amended Complaint fail to state a claim for slander *per se*. The Magistrate Judge found that Henning fails to provide facts demonstrating that the slanderous statement made by Felty is false.[3] Henning objects, arguing that the Amended Complaint sufficiently states a claim for slander *per se*.

As part of stating a claim for slander *per se* in Florida, a plaintiff must establish that the slanderous statement made by the defendant is false. *See Bass v. Rivera*, 826 So. 2d 534, 535 (Fla. Dist. Ct. App. 2002). After reviewing Henning's Amended Complaint, the undersigned agrees with the Magistrate Judge that, while Henning alleges that Felty made statements to others that Henning is a pedophile and that these statements are presumably slanderous, Henning does not allege that these statements are false. Henning therefore fails to state a claim against Felty for slander *per se*.

### B. Count VIII: Assault

Next, the Magistrate Judge determined that the facts alleged in Henning's Amended Complaint fail to state a claim for assault. The Magistrate Judge found that

---

[2] Henning also objects to the Magistrate Judge's finding that Henning failed to establish his entitlement to the damages he seeks. However, because the Court finds that Henning fails to state a claim against Felty, it is not necessary for the Court to reach this issue.

[3] The Magistrate Judge also found that Henning fails to allege facts identifying Felty as the person who uttered the allegedly slanderous statement, but that this deficiency is not necessarily fatal to Henning's claim.

4

Henning fails to allege facts identifying Felty as the person who assaulted him. Henning objects, contending that the Amended Complaint sufficiently states a claim for assault.

To state a claim for assault in Florida, a plaintiff must establish that the defendant (1) made an intentional, unlawful threat of violence, (2) appeared to have the ability to carry out the threat, and (3) created a well-founded fear in the plaintiff that the violence threatened was imminent. *Cannon v. Thomas ex rel. Jewett*, 133 So. 3d 634, 639 (Fla. Dist. Ct. App. 2014). After reviewing Henning's Amended Complaint, the undersigned agrees with the Magistrate Judge that Henning alleges no fact indicating that Felty was the person who assaulted Henning. The most Henning alleges is that Felty was part of a larger group of people who confronted Henning at the beach, that an unidentified man made threatening statements to Henning, and that a man named Raymond Day rushed at Henning and stood over him menacingly. (Am. Compl. ¶¶ 19, 26, 30, 33, 60). These facts are insufficient to state a claim for assault against Felty.

### C. Leave to Amend to Add Conspiracy Claims

Lastly, Henning objects to the Magistrate Judge's recommendation that he only be permitted to amend his complaint to re-allege his slander *per se* and assault claims. Henning states that he wants to include one or more conspiracy claims against Felty and the other Defendants to this case who have been dismissed.

In general, the Court should freely grant leave for a plaintiff to amend his complaint when justice so requires. Fed. R. Civ. P. 15(a)(2). However, the Court may deny leave to amend when it finds that the proposed claim would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A claim is futile when the plaintiff "provide[s] no reason for the district court to

believe that he could offer sufficient allegations to make a claim for relief plausible on its face." *Patel v. Ga. Dep't BHDD*, 485 F. App'x 982, 983 (11th Cir. 2012) (per curiam).

The Court finds that Henning's proposed conspiracy claims would be futile. In Florida, a conspiracy claim requires more than one party. *Kurnow v. Abbott*, 114 So. 3d 1099, 1102 & n.4 (Fla. Dist. Ct. App. 2013). Except for Felty, all of the parties who Henning wishes to include in his proposed conspiracy claims have been dismissed from this action.[4] Since a conspiracy claim cannot stand with just one party, Henning would therefore be unable to state a claim for relief. The Court will consequently limit Henning to amending his slander *per se* and assault claims against Felty.

## IV.  CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Objection to Report and Recommendation (Doc. 88) is **OVERRULED**.

2. The Magistrate Judge's June 28, 2017 Report and Recommendation (Doc. 87) is **ADOPTED AND CONFIRMED** and made a part of this Order.

3. Plaintiff's Motion for Default Judgment Against Jeremy Felty (Doc. 83) is **DENIED**. Plaintiff's claims against Defendant Jeremy Felty—Counts III and VIII of the Amended Complaint—are **DISMISSED WITHOUT PREJUDICE**.

4. Plaintiff is granted leave to file a Second Amended Complaint to re-allege his assault and slander *per se* claims against Defendant. Plaintiff's request

---

[4] Henning's decision to settle with the other now-dismissed Defendants is of no consequence to the Court's analysis. Parties to litigation, whether represented by counsel or proceeding *pro se*, are responsible for their own tactical decisions, and the Court normally does not interfere with a party's decision to settle his claims.

6

for leave to add additional claims is **DENIED**.

5. Plaintiff has **fourteen (14) days** from the date of this Order to file his Second Amended Complaint. Plaintiff's failure to file a Second Amended Complaint by this date will result in the Court dismissing this case without prejudice and without further notice for lack of prosecution.

**DONE AND ORDERED** in Orlando, Florida on August 9, 2017.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

The Honorable Magistrate Judge
Counsel of Record
Unrepresented Parties